1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ANTONIO FAUSTO RODAS,

        Petitioner,

  v.

UNITED STATES OF AMERICA,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 11-CV-00895-LHK
Criminal Case No.: 10-CR-00807-LHK-1

**ORDER DENYING PETITIONER'S: (1) MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; (3) MOTION FOR RE-APPOINTMENT OF COUNSEL; AND (4) MOTION TO SET ASIDE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(3)**

      Petitioner Antonio Fausto Rodas[1] ("Petitioner"), in *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255 challenging his sentence on the grounds that he did not receive effective assistance of counsel.[2]  In connection with his Section 2255 motion, Petitioner filed motions for an evidentiary hearing and re-appointment of counsel.  *See* Dkt. Nos. 15, 16.  Petitioner also filed a motion to set aside judgment pursuant to Fed. R. Civ. P. 60(b)(3).  *See* Dkt. No. 16.

---

[1]   In the underlying proceedings, Petitioner's name was Antonio Fausto Rodas.  However, at the sentencing hearing and in his writ petition, Petitioner uses the name Fausto Antonio Rodas.

[2]   *See* Motion to Set Aside, Correct, or Vacate Sentence pursuant to 28 U.S.C. § 2255, hereafter, "Petition," 10-CR-00807-LHK-1, Dkt. No. 14.  Unless otherwise noted, all citations are to case 10-CR-00807-LHK-1.

1

# I. BACKGROUND

**A.**     <u>**Petitioner's Binding Plea Agreement**</u>

On January 18, 2011, with the assistance of counsel and an interpreter, Petitioner executed

a plea agreement (hereafter, "Plea Agreement," Dkt. No. 12) pursuant to Fed. R. Crim. P.

11(c)(1)(C).  Fed. R. Crim. P. 11(c)(1)(C) provides that where the parties "agree that a specific

sentence . . . is the appropriate disposition of the case . . . such a recommendation or request binds

the court once the court accepts the plea agreement."  The Plea Agreement provided, in part:

<u>The Defendant's Promises</u>

1.  I agree to plead guilty to the captioned information charging me with one
    count of illegal entry into the United States following deportation, in
    violation of 8 U.S.C. § 1326, a Class C felony . . . .

2.  I agree that I am guilty of the offense to which  I will plead guilty, and I
    agree that the following facts are true:
. . . .

>   b.  . . . . I agree that a 16-level increase in offense level applies, as
>       set forth in paragraph 7 of this plea agreement.

3.  I agree to give up all rights that I would have if I chose to proceed to trial,
    including the rights to a jury trial with the assistance of an attorney; to
    confront and cross-examine government witnesses; to remain silent or
    testify; to move to suppress evidence or raise any other Fourth or Fifth
    Amendment claims; to any further discovery from the government and to
    future DNA testing of physical evidence in the government's possession;
    and to pursue any affirmative defenses and present evidence.

4.  I agree to give up my right to appeal my conviction, the judgment, and
    orders of the Court.  I agree further to waive any right I may have to
    appeal any aspect of my sentence.  I also agree to waive any venue or
    limitations defenses that I might have in this case.

5.  I agree not to file any collateral attack on my conviction or sentence,
    including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or
    motion under 18 U.S.C. § 3582, at any time in the future after I am
    sentenced, except for a claim that my constitutional right to the effective
    assistance of counsel was violated.

2

Case No.: 11-CV-00895-LHK, 10-CR-00807-LHK-1
ORDER DENYING PETITIONER'S: (1) MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; (3) MOTION FOR
RE-APPOINTMENT OF COUNSEL; AND (4) MOTION TO SET ASIDE JUDGMENT PURSUANT TO
FED. R. CIV. P. 60(B)(3)

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered, unless the Court declines to accept the sentence agreed to by the parties.   I agree that the government may withdraw from this Agreement if the Court does not accept the agreed upon sentence set out below.  I agree that if the Court does not accept the agreed upon sentence set out below, the statute of limitations shall be tolled from the date I signed the plea agreement until the date the Court does not accept the plea agreement.

7. I agree that my sentence should be calculated pursuant to the Sentencing Guidelines.   I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a).   I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

|   |   |   |
|---|---|---|
| a. | Base Offense Level: (U.S.S.G. § 2L1.2) | 8 |
| b. | Specific offense characteristic: (U.S.S.G. § 2L1.2(b)(1)(A)(i)) | +16 |
| c. | Early disposition program: (U.S.S.G. § 5K3.1)[3] | -4 |
| d. | <u>Acceptance of Responsibility</u>: | -3 |
| e. | Adjusted offense level: | 17 |

. . . .

I agree that I am subject to a criminal history category **V** for purposes of the Sentencing Guidelines.

8. I agree that a reasonable and appropriate disposition of this case, under the Sentencing Guidelines and 18 U.S.C. § 3553(a), is as follows: a sentence of **46 months imprisonment,** a mandatory special assessment of $100, which I agree to pay at the time of sentencing; and **three years** of supervised release with conditions of supervised release to be established by the Court, with one condition being that I may not reenter the United States illegally during my term of supervised release.

. . . .

10. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

. . . .

---

[3] U.S.S.G. § 5K3.1 is otherwise referred to as "fast track."

Case No.: 11-CV-00895-LHK, 10-CR-00807-LHK-1
ORDER DENYING PETITIONER'S: (1) MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; (3) MOTION FOR RE-APPOINTMENT OF COUNSEL; AND (4) MOTION TO SET ASIDE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(3)

The Defendant's Affirmations

14. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that my attorney has provided me with all the legal advice that I requested.

15. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

16. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this agreement.

17. I confirm that I read this entire plea agreement with the assistance of an interpreter and in the presence of my attorney.

Plea Agreement at ¶ 1-17.

**B.    Petitioner's Plea of Guilty**

On January 19, 2011, pursuant to the binding Plea Agreement, Petitioner pled guilty to one count of illegal entry into the United States following deportation in violation of 8 U.S.C. § 1326, a Class C felony, and was sentenced pursuant to the binding Plea Agreement. *See* Transcript of Proceedings Before the Honorable Lucy H. Koh dated January 19, 2011("Transcript"), Dkt. No. 22. During the proceedings in which Petitioner, under penalty of perjury, changed his plea from not guilty to guilty, the Court and Petitioner engaged in the following colloquy:

THE COURT: ALL RIGHT. SIR, WAS THIS PLEA AGREEMENT TRANSLATED INTO SPANISH FOR YOU BY MS. ANA DETRINIDAD, A CERTIFIED SPANISH LANGUAGE INTERPRETER?

THE DEFENDANT: YES.

THE COURT: SIR, WHEN THIS PLEA AGREEMENT WAS TRANSLATED INTO SPANISH FOR YOU, DID YOU UNDERSTAND IT?

THE DEFENDANT: YES.

4

Case No.: 11-CV-00895-LHK, 10-CR-00807-LHK-1
ORDER DENYING PETITIONER'S: (1) MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; (3) MOTION FOR RE-APPOINTMENT OF COUNSEL; AND (4) MOTION TO SET ASIDE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(3)

United States District Court
For the Northern District of California

THE COURT: OKAY. HAVE YOU HAD ENOUGH TIME TO DISCUSS THIS PLEA AGREEMENT WITH YOUR ATTORNEY, MR. FULLER?

THE DEFENDANT: YES.

THE COURT: HAS MR. FULLER BEEN ABLE TO ANSWER YOUR QUESTIONS ABOUT THIS PLEA AGREEMENT?

THE DEFENDANT: YES.

THE COURT: ARE YOU SATISFIED WITH THE SERVICES THAT YOUR ATTORNEY, MR. FULLER, HAS PROVIDED TO YOU?

THE DEFENDANT: YES.

THE COURT: OTHER THAN THE PROMISES THAT ARE CONTAINED IN THIS PLEA AGREEMENT, HAS ANYONE ELSE PROMISED YOU ANYTHING IF YOU PLEAD GUILTY TODAY?

THE DEFENDANT: NO.

THE COURT: HAS ANYONE MADE ANY THREATS AGAINST YOU OR YOUR FAMILY IN ORDER TO GET YOU TO PLEAD GUILTY?

THE DEFENDANT: NO.

THE COURT: IS YOUR DECISION TO PLEAD GUILTY FREE AND VOLUNTARY?

THE DEFENDANT: YES.

THE COURT: HAVE YOU TAKEN ANY DRUGS OR ANY MEDICATION THAT WOULD AFFECT YOUR ABILITY TO THINK CLEARLY AND TO UNDERSTAND WHAT IS HAPPENING AND TO MAKE DECISIONS TODAY?

THE DEFENDANT: NO.

Transcript at 4:24-6:10.

5

Case No.: 11-CV-00895-LHK, 10-CR-00807-LHK-1
ORDER DENYING PETITIONER'S: (1) MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; (3) MOTION FOR
RE-APPOINTMENT OF COUNSEL; AND (4) MOTION TO SET ASIDE JUDGMENT PURSUANT TO
FED. R. CIV. P. 60(B)(3)

United States District Court
For the Northern District of California

1    THE COURT:  OKAY. THERE IS AN AGREEMENT IN THIS CASE

2    THAT YOU RECEIVE A SPECIFIC SENTENCE.  THAT AGREEMENT IS

3    BETWEEN YOU AND THE GOVERNMENT.

4    I'VE REVIEWED THIS AGREEMENT, I'VE REVIEWED YOUR

5    CRIMINAL HISTORY, AND I WILL SENTENCE YOU TO THE SENTENCE

6    THAT THE GOVERNMENT AND YOU HAVE AGREED TO WITHOUT

7    REFERRING THIS CASE TO THE UNITED STATES PROBATION OFFICE

8    FOR A PRESENTENCE REPORT.

9    DO YOU UNDERSTAND THAT YOU HAVE A RIGHT TO HAVE

10   YOUR CASE REFERRED TO THE UNITED STATES PROBATION OFFICE

11   FOR A PRESENTENCE REPORT?

12   THE DEFENDANT:  YES.

13   THE COURT:  OKAY.  BUT YOU ARE GIVING UP THAT RIGHT BY

14   GOING FORWARD AND PLEADING GUILTY TODAY AND BEING

15   SENTENCED TODAY.

16   DO YOU UNDERSTAND THAT?

17   THE DEFENDANT:  YES.

18   THE COURT:  OKAY.  DO YOU ALSO UNDERSTAND THAT IF

19   YOU PLEAD GUILTY TODAY, YOU WILL RECEIVE A SENTENCE TO

20   WHICH THE GOVERNMENT AND YOU HAVE AGREED?

21   THE DEFENDANT:  YES.

22   THE COURT:  OKAY.  ALL RIGHT.  MR. RODAS, YOU HAVE THE

23   RIGHT TO CONTINUE IN YOUR PLEA OF NOT GUILTY.

24   DO YOU UNDERSTAND THAT RIGHT?

25   THE DEFENDANT:  YES.

26   THE COURT:  DO YOU GIVE UP THAT RIGHT?

27

6

28   Case No.: 11-CV-00895-LHK, 10-CR-00807-LHK-1
ORDER DENYING PETITIONER'S: (1) MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; (3) MOTION FOR
RE-APPOINTMENT OF COUNSEL; AND (4) MOTION TO SET ASIDE JUDGMENT PURSUANT TO
FED. R. CIV. P. 60(B)(3)

1      THE DEFENDANT:  YES.

2      THE COURT:  YOU HAVE THE RIGHT TO A JURY TRIAL.

3      DO YOU UNDERSTAND THAT RIGHT?

4      THE DEFENDANT:  YES.

5      THE COURT:  DO YOU GIVE UP THAT RIGHT?

6      THE DEFENDANT:  YES.

7   Transcript at 7:25-9:10.

8   **C.      Petitioner's Sentencing**

9          After hearing from the Petitioner, defense counsel, and government counsel, the Court

10  stated its intent to sentence the Petitioner to the 46 months imprisonment sentence agreed upon by

11  the Petitioner and the government in the binding Plea Agreement.  Transcript at 16:12-18:2.  This

12  sentence included a four-level downward departure for early disposition pursuant to U.S.S.G. §

13  5K3.1, otherwise known as "fast track," and a three-level decrease for acceptance of responsibility

14  pursuant to U.S.S.G. § 3E1.1.  *Id.* at 16:12-18:2.  The Court asked whether there was any legal

15  cause why the 46 months imprisonment sentence as stated should not be imposed on Mr. Rodas.

16  *Id.* at 18:3-5.  Both counsel answered in the negative.  *Id.* at 18:6-24.  After imposing the agreed

17  upon sentence on Mr. Rodas, the Court asked if there was anything further.  Judgment, Dkt. No.

18  13; Transcript at 19:11.  Both counsel answered in the negative, and Petitioner thanked the Court.

19  *Id.* at 19:12-17.

20              **II.  DISCUSSION**

21  **A.      Standard of Review**

22          A motion to set aside, correct or vacate a sentence of a person in federal custody pursuant to

23  28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that . . . there has been such a

24  denial or infringement of the constitutional rights of the prisoner as to render the judgment

25  vulnerable to collateral attack."  Under § 2255, "a district court must grant a hearing to determine

26  the validity of a petition brought under that section, '[u]nless the motions and the files and records

27

28  Case No.: 11-CV-00895-LHK, 10-CR-00807-LHK-1
    ORDER DENYING PETITIONER'S: (1) MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
    PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; (3) MOTION FOR
    RE-APPOINTMENT OF COUNSEL; AND (4) MOTION TO SET ASIDE JUDGMENT PURSUANT TO
    FED. R. CIV. P. 60(B)(3)

7

United States District Court
For the Northern District of California

1    of the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Blaylock*,

2    20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  A court need not hold an

3    evidentiary hearing where the prisoner's allegations, when viewed against the records, either do not

4    state a claim for relief or are so palpably incredible as to warrant summary dismissal.  *United States*

5    *v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *Shah v. United States*, 878 F.2d 1156, 1158 (9th

6    Cir. 1989), *cert. denied*, 493 U.S. 869 (1989); *United States v. Schaflander*, 743 F.2d 714, 717 (9th

7    Cir. 1984), *cert. denied*, 470 U.S. 1058 (1985).  "Merely conclusory statements in a § 2255 motion

8    are not enough to require a hearing."  *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993);

9    *see also United States v. Howard*, 381 F.3d 873, 877, 879 (9th Cir. 2004).  While a petitioner is not

10   required to allege facts in detail, he must make factual allegations.  *United States v. Hearst*, 638

11   638 F.2d 1190, 1194 (9th Cir. 1980).  Accordingly, an evidentiary hearing is required only if: (1) a

12   petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files,

13   and record of the case cannot conclusively show that the petitioner is entitled to no relief.  *Howard*,

14   381 F.3d at 877.

15   **B.**    **Petitioner's Stated Grounds for Relief**

16          Petitioner requests that the Court set aside, correct, or vacate his hearing on the grounds that

17   "he was promised that his sentence would not exceed 3 years."  Petition at 1.  Petitioner contends

18   that his counsel of record, through translation by an interpreter, told Petitioner that he would

19   receive a 4-level downward departure, plus 3 points for acceptance of responsibility, totalling a 7-

20   point deduction.  Petition at 2.  According to Petitioner, it was this promise that motivated him to

21   take the plea deal.  *Id.*  He now argues that "there was not any 4 point departure as promise[d]

22   [p]ursuant to 5.K3, 'Fasttrack [sic],' 'Early disposition program.'"  In further support of this

23   motion, Petitioner asserts:

24          1.   Defense counsel mischaracterized and promise [sic] a sentence of 3 years or
25               less.

26

27                                                        8

28   Case No.: 11-CV-00895-LHK, 10-CR-00807-LHK-1
     ORDER DENYING PETITIONER'S: (1) MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
     PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; (3) MOTION FOR
     RE-APPOINTMENT OF COUNSEL; AND (4) MOTION TO SET ASIDE JUDGMENT PURSUANT TO
     FED. R. CIV. P. 60(B)(3)

United States District Court
For the Northern District of California

2.  The Defendant was told by counsel that the Government would take off four (4) additional point [sic] at sentencing and as a result the time would fall to 3 years.

3.  The Defendant was told to 'take the deal now' or you won't get this opportunity again.

4.  The negotiations were made through an interpreter and was [sic] mislead into take [sic] an [sic] mischaracterized plea deal.

5.  The plea was made under duress, promises, and fear.  As a result, the defendants [sic] feel [sic] that his sentence is incorrect and excessive.

6.  Finally, the Defandant [sic] states that his plea was not knowing, willing, or intelligent because he was sentenced to more than 30% of what he was prepared to serve.

Petition at 2-3, ¶¶ 1-6.

## C.   Petitioner's Waiver of Rights

A defendant may expressly waive the statutory right to bring a Section 2255 motion challenging the conviction or sentence.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992), *cert. denied*, 508 U.S. 979 (1993). Two claims that cannot be waived, however, are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary.  *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005), *cert. denied*, 547 U.S. 1074 (2006).

Based on the language of the Plea Agreement, Petitioner has waived his right to petition under § 2255 on any basis other than ineffective assistance of counsel.  Plea Agreement at ¶¶ 4-5. Accordingly, the Court will consider only Petitioner's claim that he was denied the effective assistance of counsel in entering into the Plea Agreement and in pleading guilty.

## D.   Ineffective Assistance of Counsel

A petitioner's claim of ineffective assistance of counsel is governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The *Strickland* test applies to claims that a guilty plea was not knowing and voluntary.  *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  To prevail on such a claim, the petitioner must show that: (1) counsel's representation fell below the

9

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59.

Here, each of Petitioner's grounds for claiming ineffective assistance of counsel are directly contradicted by the Plea Agreement and his sworn statements during the change of plea colloquy. For example, despite a written affirmation that his decision to plead guilty was made voluntarily and without coercion or threats, Plea Agreement at ¶ 16, Petitioner now claims that he made the plea under duress, promises and fear. Petition at ¶¶ 3, 5. Petitioner's contention is not credible, given his admissions under oath during the change of plea proceedings that he made the plea voluntarily and without coercion. Transcript at 5:24-6:5; *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1981), *cert. denied*, 484 U.S. 832 (1987).

Likewise, Petitioner's assertion that his attorney promised him a three-year sentence is belied by the terms of the Plea Agreement and Petitioner's statements under oath during the change of plea proceedings. Petitioner confirmed, under oath, that: (1) the Plea Agreement had been translated from English to Spanish before he signed it; (2) Petitioner had discussed the Plea Agreement with his counsel, Mr. Varell L. Fuller; (3) Petitioner understood the Plea Agreement before he signed it; and (4) Petitioner was satisfied with Mr. Fuller's representation. *Id.* at 4:24-5:18. The Court also reviewed the maximum punishment Petitioner faced for a violation of 8 U.S.C. § 1326, specifically advising Petitioner that he faced a maximum of 20 years in prison, a $250,000 fine, three years of supervised release, a $100 mandatory special assessment, and restitution. *Id.* at 7:13-24. Petitioner was asked if he was promised anything not stated in the Plea Agreement, and Petitioner responded in the negative. *Id.* at 5:19-23. The Court reviewed nearly every provision of the Plea Agreement with Petitioner, including Petitioner's decision to give up certain rights by pleading guilty. *Id.* at 6:11-11:24. The Court advised Petitioner that, by pleading guilty, he would receive the sentence to which Petitioner and the government had agreed. *Id.* at

10

7:25-8:22.  Petitioner stated that he understood and agreed to those provisions.  *Id.* at 6:11-19:19.

On Petitioner's representations, the Court accepted Petitioner's Plea and sentenced him to 46

months imprisonment, as set forth in Paragraph 8 of the binding Fed. R. Crim. P. 11(c)(1)(C) Plea

Agreement.  *Id.* at 14:22-19:19; Judgment, Dkt. No. 13.   At no time did Petitioner state or indicate

his belief that the sentence to be imposed was only for three years, or that a 46-month sentence was

more than what he was prepared to serve.  *Id.* at 1-19.

Contrary to Petitioner's claim that he was promised but did not receive a fast track

downward departure, he received a four-level fast track downward departure.  *Id.* at 16:17-17:8.

Without a four-level fast track downward departure, Petitioner's guideline range would have been

70-87 months imprisonment.  *See* U.S.S.G. Sentencing Table.  Therefore, Petitioner's claim that

the government breached the Plea Agreement on this basis is without merit.

Petitioner's claim that two different court-certified interpreters in the Spanish language

misinterpreted the terms of the Plea Agreement or Petitioner's responses to the Court's inquiries

during the change of plea and sentencing hearing lacks credibility.  *See* Plea Agreement at 7

(Interpreter Certification for Ana Detrinidad); Transcript at 2:13-14 (Lupita Arce, Spanish

Interpreter).  As noted above, Petitioner affirmed that he read the entire Plea Agreement "with the

assistance of an interpreter and in the presence of [his] attorney."  Plea Agreement at ¶ 17.  Under

penalty of perjury, Petitioner stated at the change of plea hearing that prior to signing the Plea

Agreement, it was translated for him from English to Spanish.  *Id.* at 4:24-5:7.  The change of plea

and sentencing hearing was translated for Petitioner from English to Spanish.   Transcript at 1-19.

Petitioner's claim that two federally certified interpreters failed to correctly interpret the Plea

Agreement or hearing lacks credibility.

In sum, none of Petitioner's grounds for habeas relief have merit.  Petitioner entered into a

binding Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement with the government for a term of 46 months.

By its very nature, a Rule 11(c)(1)(C) plea agreement eliminates uncertainty from the sentencing

process because it enables the parties to stipulate that a *specific sentence* is the appropriate

Case No.: 11-CV-00895-LHK, 10-CR-00807-LHK-1
ORDER DENYING PETITIONER'S: (1) MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; (3) MOTION FOR
RE-APPOINTMENT OF COUNSEL; AND (4) MOTION TO SET ASIDE JUDGMENT PURSUANT TO
FED. R. CIV. P. 60(B)(3)

*United States District Court*
For the Northern District of California

1   disposition of a case.  If a court rejects a Rule 11(c)(1)(C) plea agreement, the defendant is not

2   bound by the agreement and may withdraw his plea of guilty.  Consequently, in this case,

3   Petitioner knew that he would receive a sentence of 46 months pursuant to the Plea Agreement, or

4   he could withdraw his guilty plea.  For all of these reasons, the Court finds that Petitioner received

5   the exact sentence to which he agreed.

6          Petitioner has failed to demonstrate either the deficient performance of his counsel or the

7   resulting prejudice required to make a showing of ineffective assistance of counsel under

8   *Strickland*.[4]   Petitioner's motion consists of conclusory allegations that are unsupported by facts

9   and directly contradicted by the record.  Accordingly, the Court DENIES WITH PREJUDICE

10  Petitioner's motion.

**E.          Motion for Evidentiary Hearing and Re-appointment of Counsel**

12         Petitioner moves for an evidentiary hearing and appointment of new counsel for his Section

13  2255 Proceeding.  Both motions are denied.

14         A district court may deny a § 2255 motion if the movant's allegations, viewed against the

15  record, either do not state a claim for relief or are so palpably incredible or patently frivolous to

16  warrant summary dismissal.  *See United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998)

17  (district court properly denied evidentiary hearing on claims that failed to state a claim for relief

18  under § 2255 as a matter of law).  Here, Petitioner's motion presents no more than conclusory

19  allegations, unsupported by facts and refuted by the record.  Accordingly, the Court DENIES

20  WITH PREJUDICE Petitioner's request for an evidentiary hearing.  *See Farrow v. United States*,

21  580 F.2d 1339, 1360-61 (9th Cir. 1978).

22         With regard to appointment of counsel, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district

23  court to appoint counsel to represent a habeas petitioner whenever "the court determines that the

24  interests of justice so require," and the petitioner is financially unable to obtain representation.

---

[4]    Plaintiff has failed to demonstrate that he would have elected to proceed to trial in the absence
of such alleged error, particularly given that without the fast track offer, his potential sentence
could have nearly doubled if he had elected to proceed to trial.  Furthermore, Petitioner has not
presented any credible evidence that his counsel was inexperienced or deficient.

12

Case No.: 11-CV-00895-LHK, 10-CR-00807-LHK-1
ORDER DENYING PETITIONER'S: (1) MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; (3) MOTION FOR
RE-APPOINTMENT OF COUNSEL; AND (4) MOTION TO SET ASIDE JUDGMENT PURSUANT TO
FED. R. CIV. P. 60(B)(3)

United States District Court
For the Northern District of California

1  Appointment is mandatory whenever an evidentiary hearing is required in a habeas action. *See*

2  *U.S. v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995) (citing Rule 8(c) of the Rules

3  Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255). As explained above, an evidentiary

4  hearing is unwarranted in this case. Moreover, Petitioner's claims lack merit, and his motion is

5  dismissed with prejudice. Accordingly, the interests of justice do not require appointment of

6  counsel, and Petitioner's motion for re-appointment of counsel is DENIED WITH PREJUDICE.

7  **F.**     **Motion to Set Aside Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(3)**

8        Petitioner moves to overturn his criminal conviction pursuant to Fed. R. Civ. P. 60(b)(3),

9  which provides in part: "[T]he court may relieve a party . . . from a final judgment, order or

10  proceeding . . . [based upon] fraud (whether previously called intrinsic or extrinsic),

11  misrepresentation, or misconduct by an opposing party."[5]

12        Federal Rule of Civil Procedure 60 "is an improper vehicle to challenge a criminal

13  conviction," *United States v. Barbee*, No. 07-35057, 2008 WL 3271047, at *1 (9th Cir. 2008), in

14  part because Rule 60 governs *civil* actions. *Id.*; s*ee* Fed. R. Civ. P. 1. Moreover, the exclusive

15  post-conviction remedy for federal prisoners is 28 U.S.C. § 2255, with limited exceptions which

16  are not alleged in this case. *See United States v. Barbee*, No. CR-96-0258-WFN, 2006 WL

17  3813564, at *2 (E.D. Wash. Dec. 26, 2006), *aff'd*, WL 3271047 (9th Cir. 2008) (citing *Matus-Leva*

18  *v. United States*, 287 F.3d 758, 761 (9th Cir. 2002); *United States v. Pirro*, 104 F.3d 297, 299 (9th

19  Cir. 1997); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). Accordingly,

20  Petitioner's Rule 60 motion is DENIED WITH PREJUDICE.

21                    **III. ORDER**

22        For the reasons stated above:

23        1.      Petitioner's motion to set aside, correct, or vacate sentence pursuant to 28 U.S.C. §

24  2255 is DENIED WITH PREJUDICE;

25

26    [5]    To the extent Petitioner claims in his Rule 60(b)(3) motion that he was denied effective

27  assistance of counsel and that he was defrauded or misled into pleading guilty, those claims are
     addressed above.

                             13

28

United States District Court
For the Northern District of California

2.      Petitioner's motion for evidentiary hearing is DENIED WITH PREJUDICE;

3.      Petitioner's motion for re-appointment of counsel is DENIED WITH PREJUDICE;

4.      Petitioner's motion to set aside judgment pursuant to Fed. R. Civ. P. 60(b)(3) is DENIED WITH PREJUDICE;

5.      The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT and against Petitioner; and

6.      No certificate of appealability shall issue.  Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated: January 3, 2012

_Lucy H. Koh_____
LUCY H. KOH
United States District Judge

14

Case No.: 11-CV-00895-LHK, 10-CR-00807-LHK-1
ORDER DENYING PETITIONER'S: (1) MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255; (2) MOTION FOR EVIDENTIARY HEARING; (3) MOTION FOR RE-APPOINTMENT OF COUNSEL; AND (4) MOTION TO SET ASIDE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(3)